AO 241 (Rev. 09/17)

FILED
AUG 02 2024
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern | |
|---|---|---|
| Name (under which you were convicted): Christopher Hayden Anderson | | Docket or Case No.: 624cv280 JCB/KNM |
| Place of Confinement: Texas Dept. Of Crim. Justice; Beto Unit | | Prisoner No.: 02374132 |
| Petitioner (include the name under which you were convicted) Christopher Hayden Anderson | v. | Respondent (authorized person having custody of petitioner) Bobby Lumpkin, TDCJ CID Director |
| The Attorney General of the State of: TEXAS | | |

# PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   115th District Court, Upshur county, Texas

   (b) Criminal docket or case number (if you know): 19055

2. (a) Date of the judgment of conviction (if you know): November 18th 2021

   (b) Date of sentencing: November 19th 2021

3. Length of sentence: 40 years

4. In this case, were you convicted on more than one count or of more than one crime?  ☐ Yes  ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

   Family Violence assault by occlusion with one prior family violence assault conviction; Enhanced

6. (a) What was your plea? (Check one)

   ☒ (1) Not guilty     ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty         ☐ (4) Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: 6th District Court of Appeals of Texas

(b) Docket or case number (if you know): 6-22-00007-CR

(c) Result: Conviction Affirmed (Anders Context)

(d) Date of result (if you know): Dec. 6 2022

(e) Citation to the case (if you know): Anderson V State 2022 Tex.app.lexis 8867

(f) Grounds raised: Appellate counsel filed Anders brief, response contained arguments that there were in fact arguable grounds for appeal. (Court erred by finding there were not.) Also gave argumanet that court erred in denying lesser included offense instruction of family violence.

Overall issue presented was that there were grounds for appeal in the record, that would entitle me to counsel to brief them.

(g) Did you seek further review by a higher state court?   ☒ Yes   ☐ No

If yes, answer the following:

(1) Name of court: Texas Court of Criminal Appeals

(2) Docket or case number (if you know): PD-0063-23

(3) Result: Petition Refused (Generaly)

AO 241 (Rev. 09/17)

(4) Date of result (if you know): March 29th 2023

(5) Citation to the case (if you know): In Re Anderson 2023 Tex.Crim.App.Lexis 207

(6) Grounds raised: Court committed error by finding there were no arguable grounds in the record that might reasonably support an appeal, including issue of lesser included offense.

(h) Did you file a petition for certiorari in the United States Supreme Court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?   ☒ Yes   ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Texas Court of Criminal appeals

(2) Docket or case number (if you know): WR-95, 396-01

(3) Date of filing (if you know): Nov. 10th 2023

(4) Nature of the proceeding: 11.07(Habeas), Post Conviction

(5) Grounds raised: Insufficient Evidence of Element of Crime, Court error of accepting impeached testimony(6th and 14th amend.), Ineffective assistence of counsel[lack of trial preparation](6th and 14th Amend)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied without written order.

   (8) Date of result (if you know):  Feb. 2024

 (b) If you filed any second petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know):  N/A

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised:

           N/A

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes  ☐ No

   (7) Result:  N/A

   (8) Date of result (if you know): _____

 (c) If you filed any third petition, application, or motion, give the same information:

   (1) Name of court: _____

   (2) Docket or case number (if you know):  N/A

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: _____

   (5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result: _____N/A_____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:  ☒ Yes  ☐ No
(2) Second petition: ☐ Yes  ☐ No
(3) Third petition:  ☐ Yes  ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____N/A_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Unreasonable application of clearly established Federal Law; Anders v Calafonia (adopted by state of Texas): Appellate Stage

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(Note: Texas Has Adopted The Anders Mandate) State appellate court made the ruling "We reviewed the entire record and Anderson's pro se response and independently determined that no reversible error exists...". However, several errors do exist in the appellate record that might arguably support the appeal, which entitles the appellant to appointed counsel to brief the issues. (All record references and issues will be stated in the memorandum in support of this petition)

(b) If you did not exhaust your state remedies on Ground One, explain why:

The underlying issue was briefed and stated in the Petition for Discretionary Review, made to the Texas Court Of Criminal Appeals. (Exhausted)

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Already presented issues to the highest court in the state. (CCA of TEXAS)

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>Petition For Discretionary Review to the Court of Criminal Appeals of Texas</u>

**GROUND TWO:** <u>Insufficient Evidence to Support an Essential Element of Crime as Charged in Indictment; Const. Amend. 14</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>(Note: Issue never properly reviewed due to Anders hearing) Ass. Fam. Vio. by occlusion has five essential elements. The fifth is the focus here, which is; "by impeding the normal breathing". (As stated in the indictment.) In this case, the act of family violence is not disputed. Only the element stated in the indictment of impeding breath. This element was directly negated by the sworn testimony of the key wittness for the state, Hailey Annette Sirmans(victim). She testified that she was in fact struck by me, but that i never impeded her breath in any way. She also stated I deserve to go to prison, but not for impeding.(Ref. to Rec. in mem.)</u>

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>Anders hearing gives no sufficiency review, raised in post conviction(which only gives no evidence review).</u>

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>11.07(Habeas Petition)</u>

Name and location of the court where the motion or petition was filed: <u>Texas Court of Criminal Appeals Austin Texas</u>

Docket or case number (if you know): <u>WR-95,396-01</u>

Page 8 of 16

Date of the court's decision: <u>Feb. 2024</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied W/O Written Order</u>

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:
<u>No appeal available in Texas for criminal post conviction petition.</u>

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two : <u>Attempted to mention in PDR to Court of criminal appeals</u>

**GROUND THREE:** <u>Ineffective assistance of counsel: Failure to object to Punishment outside of range of 2nd Degree Felony(6th and 8th Amend.)</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

<u>At trial, my sentencing range was that of a first degree felony.(5-99 years) This is reflected in the court's initial judgement. After the appeal, the judgement was modified to reflect a proper 2nd degree felony conviction, but the sentence was not amended in any way. The range for a 2nd deg. felony in Texas is 2-20 years. I am currently serving a 40 year sentence. This is double the maximum.</u>

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 11.07(Habeas)Post Conviction

Name and location of the court where the motion or petition was filed: Texas Court of Criminal Appeals, Austin Texas.

Docket or case number (if you know): WR-95,396-01

Date of the court's decision: Feb. 2024

Result (attach a copy of the court's opinion or order, if available): Denied W/O Written Order

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No
(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☒ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available): N/A

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: No appeal available in the state of Texas for post conviction 11.07 petitions.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: Raised the ineffective nature of counsel for allowing punishment outside of range in 11.07 ground three.

**GROUND FOUR:** N/A

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

(b) If you did not exhaust your state remedies on Ground Four, explain why: n/A

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☐ No

(2) If you did not raise this issue in your direct appeal, explain why: N/A

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: N/A

Page 11 of 16

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?   N/A    ☐ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☐ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

Docket or case number (if you know): _____N/A_____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____N/A_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _____N/A_____

Page 12 of 16

AO 241 (Rev. 09/17)

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☒ Yes   ☐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: N/A

   (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: N/A

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. N/A

   N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☒ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. N/A

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Sung R. Kim, 505 E. Margrill, Longview TX. 75601
YUNSUNG37@GMAIL.COM

(b) At arraignment and plea: Same as Above

(c) At trial: Same as above

(d) At sentencing: Same as Above

(e) On appeal: Natalie Anderson--- 606 E. Methvin St., Longview TX. 75601
Natalie@natalieandersonlaw.com

(f) In any post-conviction proceeding: Pro-se

(g) On appeal from any ruling against you in a post-conviction proceeding: N/A

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: N/A

(b) Give the date the other sentence was imposed: n/a

(c) Give the length of the other sentence: n/a

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Because the state of Texas allows certiorari to the Supreme Court of the United States as part of direct appeal, 90 days is added to the 1 year time limit for federal 2254 petitions. My Mandate was issued on April 27 2023, rendering my conviction final. My post conviction petition was filed on Nov. 10th 2023, and denied in Feb. 2024. With all the tolling of the

Page 14 of 16

AO 241 (Rev. 09/17)

time limit, my petition would be due by October of 2024. I am well within this limit.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant a new appeal, Grant a new trial, grant an acquital due to the failure to prove essential element, any other relief I may be entitled to.

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____
_____
_____